# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:09 CR 29-3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| JONATHAN THAD LACKEY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon a violation report filed in the above entitled cause on November 3, 2009 by the United States Probation Office. In the violation report, the United States Probation Office alleged that the defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that the defendant was present with his counsel, Attorney Richard Cassady, and the Government was present through Assistant United States Attorney, Don Gast, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, admitted the allegations contained in the violation report that had been filed on November 3, 2009. The government introduced, without objection, the violation

report into evidence. Testimony was then presented through cross-examination by defendant's counsel of Robert T. Ferguson, United States Probation Officer.

The defendant was charged in a bill of indictment filed on October 7, 2009 with one count of conspiracy to possess with intent to distribute a controlled substance, that being marijuana. A hearing was held in regard to the detention of the defendant on October 30, 2009. On that date, the undersigned entered an Order releasing the defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which included the following, "that the defendant shall travel from the detention center to the McLeod Center for the CHAMPS program." As a part of this condition, the undersigned instructed the defendant and his mother, Tammy Lambert, who agreed to act as a third-party custodian, that Ms. Lambert should take the defendant directly from the Cherokee County detention center to the McLeod Center in Charlotte, NC by the most direct route and she was to make no additional stops other than to go to the restroom on the way. Ms. Lambert was to pick up the defendant at the Cherokee County detention center on November 2, 2009.

On November 2, 2009, United States Probation Officer Robert Ferguson received a telephone call from Special Agent Billy Stites of the Bureau of Indian Affairs and who has been assigned to the Drug Enforcement Administration Task Force. Agent Stites told Officer Ferguson that Agent Stites had received information

over the weekend of October 31st and November 1st that the defendant planned to stop by his girlfriend's residence to have sexual relations prior to traveling to the McLeod Center in Charlotte, NC as directed by the court. Agent Stites conducted surveillance at the home of the defendant's girlfriend on the morning of November 2, 2009. The defendant arrived at the residence with his mother and with his girlfriend. The defendant and his girlfriend entered the residence of the defendant's girlfriend where they remained for approximately twenty-five minutes. During this period of time, the third-party custodian, Tammy Lambert, remained outside of the residence in an automobile. The defendant and his girlfriend later exited the residence and when they began to travel away from the residence, the vehicle was stopped and the defendant was arrested, pursuant to instructions from the undersigned.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

>    (1)   finds that there is----
>          (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>          (B) clear and convincing evidence that the person has violated any other condition of release; and
>    (2)   finds that ---
>          (A) based on the factors set forth in section 3142(g) of this title, there

is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

    (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe that the defendant has violated the terms and conditions of pretrial release. The defendant and his mother were instructed by the undersigned on November 2, 2009, the defendant's mother, Tammy Lambert, was to pick up the defendant at the detention center of Cherokee County, NC and go by the most direct route to the McLeod Center in Charlotte, NC so the defendant could receive treatment. The defendant and his mother violated this condition of release.

Based upon this violation, it appears by clear and convincing evidence that the defendant has violated the condition of release and it further appears, and the court finds as a result of such violation, that the defendant is a person who is unlikely to abide by any condition or combination of conditions of release.

The undersigned further finds, based upon a reconsideration of the factors as set forth under 18 U.S.C. § 3142(g), that there are no conditions or combination of

conditions of release that would assure that the defendant would not flee or pose a danger to the safety of any other person or the community.

As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

**ORDER**

IT IS, THEREFORE, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: November 10, 2009

Dennis L. Howell
United States Magistrate Judge